# Richmond.

## BRENT BOWMAN v. COMMONWEALTH.

November 13, 1924.

MOTOR VEHICLE CARRIERS—*Certificate of Corporation Commission—Persons Operating on the 28th of February, 1923—Partnership.*—Under section 3, Acts of 1923, chapter 161, an applicant can not be denied a certificate as a matter of right because he was not alone in operating on February 28, 1923, the route in question, such operation being conducted at the time by himself and partner. The provision which saves to those engaged in the business on the date named the right to continue if they apply for that privilege is satisfied if the privilege be granted to those of them who do so apply, although all of them may not do so.

Appeal from an order of the State Corporation Commission.

*Reversed and remanded.*

This is an appeal by Brent Bowman (hereinafter called the applicant, or by name), from two orders of the State Corporation Commission (hereinafter called the Commission), both entered upon rehearings of the case, one of date September 20th and the other of date August 13, 1923, which revoked and cancelled an original certificate of public convenience and necessity granted by the Commission to the applicant by order of date July 7, 1923, to operate, as a common carrier, one motor vehicle, over the route between Staunton and Harrisonburg, and also an additional certificate of public convenience and necessity granted by the Commission to the applicant by order of date July 26, 1923, to so operate an additional motor vehicle, and denied

to such applicant the granting to him of any certificate. The certificates mentioned are such as are required by the statute, section 3, chapter 161, Acts of 1923, page 195 *et seq.*, which went into effect on June 28, 1923, and is known as the motor vehicle carrier act.

The provisions of the statute, so far as material to be stated, are set forth in the statement preceding the opinion of the court in the case of *Holmes L. Gruber* v. *Commonwealth, post,* p. 312, 125 S. E. 427, this day handed down, to which reference is here made therefor.

*Curry & Curry and D. D. Deckert,* for the appellants.

*Jno. R. Saunders, Attorney-General, C. M. Chichester, George Conrad,* and *T. Russell Cather,* for the Commonwealth.

Sims, P., after making the foregoing statement, delivered the following opinion of the court:

In the view we take of the proper construction of the statute involved, the disposition of only one of the questions presented by the assignments of error is decisive of the case. That question is as follows:

1. Did the Commission err in revoking its first two orders on the ground that while he, as a proprietor, was actually operating two cars, in good faith, over the route involved, on February 28, 1923, and in all other respects was entitled to be granted a certificate of public convenience and necessity for the operation of such cars, he was not entitled to such certificate to be issued to him, for the reason that it appeared to the satisfaction of the Commission, upon the evidence before it on the rehearings, that the applicant was not alone in operating, as aforesaid, on February 28, 1923, and that

such operation was conducted by him and a partner of
his at the time, namely, one Charles H. Sites?

The question must be answered in the affirmative.

It appears from the record that the Commission
entered its first two orders, granting the certificates of
public convenience and necessity for the operation of
two motor vehicles to the applicant "as a matter of
right," because of the finding of fact by the Commission
that it appeared to it, from the evidence before it at
the times such certificates were granted, that the appli-
cant was operating in good faith over the route covered
by the certificates two cars on February 28, 1923. On
the latter subject the evidence was conflicting, but
there was sufficient evidence to sustain this finding of
fact of the Commission, and it is unnecessary to say
anything more as to the correctness of that finding,
because, for the reasons we shall set forth below, we
do not think that the orders of the Commission com-
plained of were entered because of any change by the
Commission in such finding of fact.

On the rehearings, the evidence was practically the
same as upon the first hearings, except that on the re-
hearings there was before the Commission a new piece
of evidence not previously considered by the Commis-
sion, bearing on the question of whether the operation
in question was conducted on February 28, 1923, by
the applicant alone, or by him and one Charles H.
Sites, as partners. On the first hearings there was a
good deal of evidence on both sides of this question,
other than the new piece of evidence referred to. But that
evidence consisted of an application in writing, signed
by the said Brent Bowman and Charles M. Sites, dated
April 16, 1923, addressed to "Hon. R. T. Wilson, Secre-
tary, State Corporation Commission, Richmond, Vir-

ginia," and, so far as material to be stated, contained the following:

"The undersigned hereby apply for a certificate to operate a motor vehicle carrier for transportation of persons and property for compensation on the improved public highway extending from Staunton, Virginia, to Winchester, Virginia   *   *.   The undersigned respectfully show that since the 1st day of February, 1923, they have been engaged as motor vehicle carriers in the transportation of persons and property over said route and are of opinion that on that portion. of the route extending from Harrisonburg to Staunton they are now transporting at least two-thirds of the passengers travel-. ing thereover.   *   *."

(It is a geographical fact that the route from Staunton to Winchester is by way of Harrisonburg.)

We are satisfied from the record before us that this new evidence turned the scales in favor of the conclusion of fact that the applicants, Brent Bowman and Charles H. Sites, as partners, were conducting the aforesaid operation as a motor vehicle carrier, with two cars, on February 28, 1923, and not Brent Bowman alone; and that it was on this ground that the Commission entered the two orders complained of revoking the first two orders aforesaid.

That our conclusion that the Commission erred in that action is correct, results, as we think, from the following considerations:

In view of what we held in the cases of *Holmes L. Gruber* v. *Commonwealth, post,* p. 312,. 125 S. E. 427; *Carroll & Echard* v. *Commonwealth, post,* p. 305, 125 S. E. 433, and *J. E. Sheets Taxicab Co.* v. *Commonwealth, post,* p. 325, 125 S. E. 431 (opinions in which are this day handed down), and for the reasons stated in such opinions on the subject of the scope and pur-

poses of the statute involved, we are of opinion that the same construction of the statute applied in the *Carroll & Echard Case* is applicable to the instant case. The situation in the two cases is not precisely the same, but the principle, nevertheless, is the same. In the *Carroll & Echard Case*, what the Commission did was to deny the certificate to the partnership of Carroll & Echard because Echard alone was conducting the operation in question on February 28, 1923; upon the theory, which we think erroneous, that the statute authorizes the granting of the certificate "as a matter of right" to "such person, firm or corporation" only, as was operating on such date. In the instant case what the Commission finally did, upon the same erroneous theory, was to deny the certificate to Bowman, because not Bowman alone, but the partnership of Bowman & Sites was conducting the operation in question on February 28, 1923. The Commission, indeed, applied the same principle to both cases; but it, as we think, applied the wrong principle. As stated in the opinion in the *Carroll & Echard Case*, so far as needs to be here set out as applicable to the instant case, "we are of opinion that the proper interpretation of the language of the statute, above specifically referred to, is that it directs the certificate to be granted to 'such person, firm or corporation' as was operating as designated in the statute, or to such of them as shall apply therefor, if more than one person, firm or corporation was conducting the operation on February 28, 1923, * * the number and capacity of the vehicles to be operated under such certificate, however, being limited by the statute * * to the number and capacity of the vehicles which were, on such date, actually operated in good faith over the route by those conducting such operation."

[1] That is to say, in our view of the purposes of the statute, it is immaterial to the State whether all of those who were engaged in the business in question on the date mentioned in the statute should continue in the business after such date; the provisions of the statute in other particulars being sufficient to accomplish all of its purposes. And with respect to that portion of the statute which saves to those who were engaged in the business on the date mentioned, in good faith, the right to continue therein, if they apply for that privilege, as prescribed by the statute, that provision is satisfied if the privilege be granted to those of them who do so apply, although all of them may not do so.

The case, therefore, will be reversed, the aforesaid orders entered on the rehearings, of dates August 15th and September 20, 1923, will be set aside and annulled, and the case will be remanded to the Commission; with direction to grant the certificates to the applicant in accordance with the aforesaid first two orders of the Commission, of dates July 7th and July 26, 1923.

*Reversed and remanded.*