Syllabus.

# Richmond.

## W. S. CARROLL AND SAMUEL ECHARD, PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF CARROLL & ECHARD, v. COMMONWEALTH.

### November 13, 1924.

1. MOTOR VEHICLE CARRIERS—*Certificate of Corporation Commission—Persons Operating on the 28th of February, 1923—Partnership.*—Under section 3, Acts of 1923, chapter 161,page 195, *et seq.*, relating to motor vehicle carriers, it was provided that a certificate should be granted as a matter of right where it appeared that the person, firm or corporation applying for the certificate was actually operating, in good faith, over the route on the 28th day of February, 1923. In the instant case the Commission refused to grant a certificate as a matter of right to a partnership on an application made by one of the partners. There was a conflict in the evidence as to whether the firm was operating the route on February 28, 1923, but the evidence without conflict showed that if the firm was not operating the route, the partner who made the application was so operating as sole proprietor.

   *Held:* That the Commission erred in refusing the certificate.

2. MOTOR VEHICLE CARRIERS—*Acts of 1923, Page 195—Certificate—Conflict in the Evidence.*—Where there is a conflict in the evidence as to whether an applicant was operating a motor vehicle route on February 28, 1923, the finding of the Commission as to whether he was operating or not cannot be disturbed on appeal.

3. MOTOR VEHICLE CARRIERS—*Acts of 1923—Page 195—Restriction on Granting of Certificates—Object of the Provision.*—The prime object the legislature had in view in restricting the granting of the certificates "as a matter of right" to those who were actually operating over the routes for which such certificates were sought, on the date mentioned in the statute, was to restrict the number of motor vehicle carriers and the volume of traffic occasioned by them which might after the date mentioned use the improved public highways as a matter of right, to such number and volume as existed on such date; and secondarily, in the attainment of that object, to take care not to put out of business any who were actually, in good faith, in the business on that date, or even curtail their business as it existed at that time.

4. MOTOR VEHICLE CARRIERS—*Acts of 1923, Page 195—Certificate of Right for Person Operating February 28, 1923.*—The proper interpretation of Acts of 1923, chapter 161, section 3, page 195, *et seq.*, in regard to the right of persons operating bus lines February 28, 1923, is that it directs the certificate to be granted to "such person, firm, or corporation," designated by the words of the statute (or to such of them as shall apply therefor, if more than one person, firm or corporation was conducting the operation over the route involved on February 28, 1923), either alone or along with such others as they, respectively, may request in their application therefor. It is immaterial to the State what others may be associated with "such person, firm or corporation" by themselves, respectively, after the date mentioned in the statute; the provisions of the statute in other particulars being sufficient to accomplish all of its purposes.

Appeal from an order of the State Corporation Commission.

*Reversed and remanded.*

This is an appeal by W. S. Carroll and Samuel Echard, partners doing business under the firm name and style of Carroll & Echard (hereinafter called appellants, the firm, or by name), from the order of the State Corporation Commission (hereinafter called the Commission), entered on July 7, 1923, which denied to the firm the certificate (applied for by said Echard) of public convenience and necessity for the operation by them, as a common carrier, of a motor vehicle, or bus line, using only one vehicle, over the route (which is an improved public highway of the State) between Staunton and Winchester, on the ground, as stated in the order, that it appeared to the Commission from the evidence before it "that Carroll and Echard were as such not operating over this route, in good faith, on February twenty-eighth, 1923." The certificate mentioned is such as is required by the statute, section 3,

chapter 161, Acts of 1925, page 195, *et seq.*, which went. into effect on June 28, 1923, and is known as the motor vehicle carrier act.

The provisions of the statute, so far as material to be stated, are set forth in the statement preceding the opinion of the court in the case of *Holmes L. Gruber* v. *Commonwealth, post,* p. 312, 125 S. E. 427, this day handed down, to which reference is here made therefor.

*Curry & Curry* and *D. O. Dechert*, for the appellants.

*Jno. R. Saunders, Attorney-General, C. M. Chichester, George Conrad* and *T. Russell Cather,* for the Commonwealth.

SIMS, P., after making the foregoing statement, delivered the following opinion of the court:

In the view we take of the proper construction of the statute involved, the disposition of one, only, of the questions presented by the assignments of error is decisive of the case. That question is as follows:

1. Did the Commission err in refusing to grant "as a matter of right" to the firm of Carroll & Echard, on. the application made by Echard, one of the partners, therefor, a certificate of public convenience and necessity, in accordance with the said statute, for the operation of one motor vehicle carrier, or bus line, using only one bus, over the route for which such certificate was. sought?

The question must be answered in the affirmative.

The application was in writing, on the printed form. therefor furnished by the Commission, and was signed. "Carroll & Echard, By Samuel L. Echard, copartner." It stated that the name under which the business would.

be conducted was "Carroll & Echard." It further stated that "applicant will operate one regular bus." It also stated that "this copartnership was operating, in good faith, over the (said route), on February 28, 1925."

The order under review, so far as material to be here stated, is as follows:

" * * *   applicants appeared by counsel and Towns Bus Line also appeared by counsel and opposed the granting of said certificate as a matter of right, and it appearing to the Commission from the evidence that Carroll & Echard were as such not operating over this route in good faith on February twenty-eighth, 1923: It is ordered that this application be, and the same is, hereby denied."

[2] There is conflict in the evidence on the subject of whether said firm "as such" (*i e.*, composed of the two partners, Carroll and Echard) was operating as aforesaid on the date mentioned. There was sufficient evidence to have supported an affirmative or the negative answer to that question. Therefore, the negative finding of fact of the Commission, to-wit, that such firm "as such" was not then so operating, cannot be disturbed by us.

But the evidence, without conflict, is to the effect that if the said partnership "as such" was not, Echard himself was, as sole proprietor, so operating, with one motor bus vehicle, on said date. We must, therefore, regard that as a fact established by the evidence.

[3, 4] We gather from the record, although there is no direct expression by it on the subject, that the Commission was satisfied that Echard himself was so operating on the date mentioned; but took the view that the statute authorizes the granting of the certificate "as a matter of right" to "such person, firm or cor-

poration" only, as "was actually operating" as afore-said; and did not authorize the granting of it to "such person, firm, or corporation," along with such others as they, respectively, might choose to associate with them in the business at or after the time of the application for the certificate.   And the literal words of the statute do bear that meaning.   But we think that the true meaning of the statute on this subject is not so narrow.   We think that the prime object the legislature had in view, in restricting the granting of the certificates "as a matter of right" to those who were actually operating over the routes for which such certificates were sought, on the date mentioned in the statute, was to restrict the number of motor vehicle carriers and the volume of traffic occasioned by them which might after the date mentioned use the improved public highways as a matter of right, to such number and volume as existed on such date; and, secondarily, in the attainment of that object, to take care not to put out of business any who were actually, in good faith, in the business on that date, or even curtail their business as it existed at that time; since it was not necessary to do so in order to protect the public welfare; and to have attempted to do so, in the absence of any demand of the public welfare requiring such action, would have unnecessarily sacrificed private interests, to the extent of the capital invested and injuriously affected belonging to those engaged in the business as of such date, and would have rendered the statute in such particular unconstitutional and, hence, invalid.   Our reasons for this view of the statute are set forth in the opinion of the court in the case of *Holmes L. Gruber* v. *Commonwealth, post,* p. 312, 125 S. E. 427, this day handed down, and need not be repeated here.   Such being our view of the statute, we

are of opinion that the proper interpretation of the language of the statute, above specifically referred to, is that it directs the certificate to be granted to "such person, firm, or corporation," designated by the words of the statute (or to such of them as shall apply therefor, if more than one person, firm or corporation was conducting the operation over the route involved on February 28, 1923), either alone or along with such others as they, respectively, may request in their application therefor; the number and capacity of the vehicles to be operated under such certificate, however, being limited by the statute (as set forth in our opinion in the case of *J. E. Sheets Taxicab Co.* v. *Commonwealth, post,* p. 325, 125 S. E. 431, this day handed down) to the number and capacity of the vehicles which were, on such date, actually operated in good faith over the route by those then conducting such operation.

That is to say, in our view of the purposes of the statute, it is immaterial to the State what others may be associated with "such person, firm or corporation" by themselves, respectively, after the date mentioned in the statute; the provisions of the statute in other particulars being sufficient to accomplish all of its purposes. Indeed, for the statute to attempt to prevent, at the time of or after the granting of the certificate, others from being so associated with the person, firm or corporation in the business on the aforesaid date, by confining the granting of the certificate to such precise individual, firm or corporation alone, and unassociated with any other, would be a futile thing; for the moment after such a certificate was granted there would be innumerable ways in which others might become and continue thereafter to be associated in interest in the

operation of the business under the certificate, to the same extent, for all practical intents and purposes, as if the certificate had been granted directly to them all.

The case, therefore, will be reversed and remanded to the Commission, with direction that it grant the certificate in accordance with the application aforesaid heretofore made therefor as aforesaid.

*Reversed and remanded.*