# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## J. E. SHEETS TAXICAB COMPANY v. COMMONWEALTH.

### November 13, 1924.

1. MOTOR VEHICLE CARRIERS—*Operating February 28, 1923—Number and Capacity of Vehicles that may be Operated.*—Under the motor vehicle carrier act of 1923 (Acts of 1923, page 195, section 3), authorizing the issuance of a certificate as a matter of right to applicants who were actually operating in good faith over the route in question on the 28th day of February, 1923, the Corporation Commission did not err in holding that the meaning of the statute is that it provides for the granting to an applicant "as a matter of right" of a certificate which authorizes the applicant to operate only such number and capacity of vehicles as the applicant "was actually operating, in good faith, over the route for which such certificate (is) sought, on the twenty-eighth day of February, 1923."

2. MOTOR VEHICLE CARRIERS—*Acts of 1923—Legislative Decision and Common Knowledge that Carriers Operating February 28, 1923, did not Unduly Crowd the Highways.*—It is manifest from reading the motor vehicle carrier act of 1923 (Acts of 1923, page 195, *et seq.*) that it expresses the legislative decision, which, upon settled principles, the Supreme Court of Appeals has no jurisdiction to disturb, that the number of motor vehicle carriers, as defined in the statute, operating, and the volume of the traffic thus occasioned, as of the date mentioned in the statute (February 28, 1923), was only such as had been brought about by the then existing demand of public convenience and necessity, and, hence, was then required thereby, and that such number of such carriers and volume of traffic would not in the future unduly crowd the improved public highways anywhere in the State to the detriment of the public welfare. This, indeed, may be said to be a matter of common knowledge. But it is obvious that if the carriers then operating were allowed to increase the number and capacity of the vehicles used by them without limit, the reasonable use of the highways by the general public might be greatly interfered with.

3. MOTOR VEHICLE CARRIERS—*Certificate to Applicants Operating February 28, 1923—Certificate Silent as to Number of Vehicles which may be Operated Thereunder.*—While it would have been better practice if a certificate under the motor vehicle carrier act of 1923 (Acts of 1923, page 195, section 3) granted to one operating on February 28, 1923,

had set out the number and kind of vehicles the applicant might operate thereunder, as the statute conferred no authority upon the Commission to grant a certificate "as a matter of right" to an applicant to operate any greater number of vehicles than it was operating upon the route in question on February 28, 1923, the fact that the certificate did not expressly limit the number of vehicles to be operated, did not authorize a greater number to be operated than the applicant was operating on February 28, 1923.

4. Motor Vehicle Carriers—*Finding that Applicant was Operating Only One Automobile on the 28th Day of February, 1923—Evidence Sufficient to Support Finding.*—In the instant case the Commission found that the applicant, on February 28, 1923, was operating, in good faith, over the route in question only one automobile. There was direct conflict in the evidence, but there was evidence to the effect that the applicant was operating only one vehicle over the route in question; that the applicant owned only one other vehicle, from which, from time to time, various parts were taken for purposes of making repairs of the vehicle which was in use on February 28, 1923, and there was evidence that the applicant had only one license on February 28, 1923.

   *Held:* That the evidence was sufficient to support the finding of the Commission.

5. Motor Vehicle Carriers—*Constitutionality of Act of 1923—Equal Protection of the Laws.*—The motor vehicle carrier act of 1923 (Acts of 1923, page 195, section 3) was not invalid as in conflict with section 1 of the fourteenth amendment of the Federal Constitution, wherein it is provided that "no State shall * * deny to any person within its jurisdiction the equal protection of the laws," because the classification made by the statute, providing for the granting "as a matter of right" of the certificate mentioned in the statute to motor vehicle carriers actually operating, in good faith, over the route for which such certificate shall be sought, on February 28, 1923, and denying such certificate to any other motor vehicle carrier who may apply therefor, is unreasonable and arbitrary.

Appeal from an order of the State Corporation Commission.

*Affirmed.*

This is an appeal by J. E. Sheets Taxicab Company (hereinafter called applicant), from the order of the State Corporation Commission (hereinafter called Commission), entered on July 7, 1923, which granted to the applicant a certificate of public convenience and neces-

sity for the operation by the applicant, as a common carrier, of one motor vehicle, or bus line, over the route (which is an improved public highway of the State) between Staunton and Winchester; the limitation of one vehicle being made on the ground, as stated in the order, that it appeared to the Commission from the evidence before it "that said applicant was, on the twenty-eighth day of February, 1923, operating,in good faith, over said route one automobile" (only). The certificate mentioned is such as is required by the statute, section 3, chapter 161, Acts of 1923, page 195, *et seq.*, which went into effect on June 28, 1923, and is known as the motor vehicle carrier act.

The provisions of the statute, so far as material to be stated, and of rule 14, adopted by the Commission and put into effect on June 28, 1923, are set forth in the statement preceding the opinion of the court in the case of *Holmes L. Gruber* v. *Commonwealth, ante,* p. 312, 125 S. E. 427, this day handed down, to which reference is here made therefor.

*Curry & Curry* and *D. O. Dechert,* for the appellants.

*John R. Saunders, Attorney-General, C. M. Chichester, George Conrad* and *Russell Cather,* for the Commonwealth.

SIMS, P., after making the foregoing statement, delivered the following opinion of the court:

The questions presented by the assignments of error will be disposed of in their order as stated below.

[1] 1. Did the Commission err in holding that the meaning of the statute is that it provides for the granting to an applicant "as a matter of right" of a certifi-

cate which authorizes the applicant to operate only such number and capacity of vehicles as the applicant "was actually operating, in good faith, over the route for which such certificate (is) sought, on the twenty-eighth day of February, 1923?"

The question must be answered in the negative.

[2] We think that it is manifest from the reading of the statute in question that it expresses the legislative decision, which, upon settled principles, this court has no jurisdiction to disturb, that the number of motor vehicle carriers, as defined in the statute, operating, and the volume of the traffic thus occasioned, as of the date mentioned in the statute (February 28, 1923), was only such as had been brought about by the then existing demand of public convenience and necessity, and, hence, was then required thereby, and that such number of such carriers and volume of traffic would not in the future unduly crowd the improved public highways anywhere in the State to the detriment of the public welfare. This, indeed, may be said to be a matter of common knowledge, in view of the history of the very limited progress the State had made at that time in the construction of improved public highways throughout the State, and of the traffic thereon, as compared with what the State then contemplated in the future, as evidenced by the road legislation already enacted at that time. But with respect to the time after the aforesaid date mentioned in the statute, it is obvious, upon the most cursory consideration, that, if only those motor vehicle carriers who were operating on such date were allowed to continue in the business, and they were each and all allowed to increase the number and capacity of the vehicles used by them without limit, it would be extremely probable that on some of the public highways the traffic occasioned by such carriers alone would

greatly interfere with the reasonable use of such high-
ways by the general public; and that such use by the
general public would be likewise greatly jeopardized if
all other motor vehicle carriers not in business on such
date, but who might desire that privilege, were to be
allowed to occupy the public highways, or if only a
limited number of them were to be allowed to do so
without restriction upon the number or capacity of
vehicles they might use. Hence the imperative need,
in the interest of the public welfare, that there should
be some control of the subject; and we think that the
statute has provided for the exercise of that control by
directing, in substance, that the Commission should
grant the certificate aforesaid as a matter of right to
motor vehicle carriers who might apply therefor who were
actually operating as aforesaid on the date aforesaid,
entitling them to operate the same number and capa-
city of vehicles that they were then operating, but no
more, "as a matter of right;" and should grant or with-
hold the certificate to others, and limit the number and
capacity of vehicles allowed to be operated by them, as
the public convenience and necessity may require.

[3] It is urged in argument that the Commission on
June 28, 1923, granted to another applicant, the Towns
Bus Line, because it was operating over the route be-
tween Winchester and Staunton on February 28, 1923,
a certificate of public convenience and necessity, with-
out limiting the number of vehicles to be employed.
This certificate, the application therefor and certain
exhibits therewith, appear in the record before us. In
the application we find set out, as the conditions relied
on by the Towns Bus Line as justification for the
granting of a certificate of public convenience and neces-
sity, this statement: "Was operating, in good faith, on
regular schedule a bus line route as applied for Febru-

ary 28, 1923. Had been in operation for three years prior thereto and on same schedule." The application does not state the number of vehicles that were being operated on February 28, 1923. We do not find in the exhibits, as required by rule 14 of the Commission, any statement of the number of cars sought to be operated. The certificate is silent as to the number of vehicles the Towns Bus Line may operate thereunder; but it appears from the testimony of the proprietor of the Towns Bus Line before the Commission that he sought to operate only the same number and kind of vehicles which he was operating over the route in question on February 28, 1923. However, while we think for many reasons that it would have been better practice if the certificate had set out the number and kind of vehicles the Towns Bus Line might operate thereunder, we are of opinion, for the reasons stated above, that the statute conferred no authority upon the Commission to grant a certificate "as a matter of right" to the Towns Bus Line to operate any greater number of vehicles than it was operating over the route in question on February 28, 1923. Hence, although silent as to the number of vehicles, the certificate, in contemplation of law, could have no greater force or effect than if it had set out that it was limited to such number of vehicles. Therefore, we do not consider the circumstance that the certificate did not expressly limit the number of vehicles to be operated, authorized a greater number to be operated thereunder, or furnishes any evidence that there was any personal discrimination made by the Commission as between the applicant in the instant case and in the *Towns Bus Line Case.* We are satisfied that the same basis for the granting of the certificate was used by the Commission in the *Towns Case* as in the instant case, namely, that furnished by the extent of the operation of the applicant on the aforesaid date mentioned in the statute.

[4] 2. Can we say that the Commission erred in finding the fact, as it did, that it appeared from the evidence before it that the applicant, on the 28th day of February, 1923, was operating, in good faith, over the route in question only one automobile?

The question must be answered in the negative.

Of the evidence before the Commission, this only need be said:

There was direct conflict in the evidence upon the subject of the fact in question. There was evidence, however, to the effect that the applicant in the instant case, on February 28, 1923, was operating only one vehicle over the route in question; that the applicant, or J. E. Sheets, owned only one other vehicle, a second-hand bus when bought, which, as of such date, was on the premises of Sheets in Staunton, from which, from time to time, various parts were taken for purposes of making repairs of the vehicle which was in use as aforesaid on such date. There was further evidence to the effect that the applicant had only one license on February 28, 1923 (whether a State or city of Harrisonburg license does not appear in evidence), which was for only one car.

We are of opinion that this evidence was ample to support the finding of the Commission in question.

[5] 3. Is the statute involved invalid as in conflict with section 1 of the fourteenth amendment of the Federal Constitution, wherein it is provided that "no State shall * * deny to any person within its jurisdiction the equal protection of the laws," because the classification made by the statute, providing for the granting "as a matter of right" of the certificate mentioned in the statute to motor vehicle carriers actually operating, in good faith, over the route for which such certificate shall be sought, on February 28, 1923, and denying

such certificate to any other motor vehicle carrier who may apply therefor, is unreasonable and arbitrary?

The question must be answered in the negative, for the reasons stated in dealing with the same subject in the opinion of this court, this day handed down, in the case of *Holmes L. Gruber* v. *Commonwealth, ante,* p. 312, 125 S. E. 427.

The case will be affirmed.

*Affirmed.*